IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRUCE L. FARMER,                        )       Case No.  1:17cv860
                                        )
        Petitioner,                     )
                                        )       JUDGE SARA LIOI
        v.                              )
                                        )       MAGISTRATE JUDGE
CHARMAINE BRACY, WARDEN,                )       THOMAS M. PARKER
                                        )
        Respondent.                     )
                                        )       **REPORT & RECOMMENDATION**

I.      **Introduction**

        Petitioner Bruce L. Farmer filed a *pro se* petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254, challenging the constitutionality of his convictions and sentences in *State v.*

*Farmer*, Case No. CR-13-529424-A.  ECF Doc. 1.  Respondent Warden, Charmaine Bracy,[1]

filed a motion to dismiss.  ECF Doc. 5.  In response, Farmer has filed two motions to stay.  ECF

Docs. 6 & 8.

        This matter is before the undersigned by an automatic order of reference under Local

Rule 72.2 for preparation of a report and recommendation on Farmer's petition or other case-

dispositive motions.  Because Farmer failed to exhaust the third ground for relief asserted in his

petition, it may not be considered by this court.  The Warden recommends the entire petition be

dismissed, and Farmer asks that the case be stayed so that he can proceed to exhaust the Ground

---

[1]  Charmaine Bracy is Warden of the Trumbull Correctional Institution in Leavittsburg, Ohio, where
Farmer is incarcerated.  ECF Doc. No. 5, Page ID# 41.

Three claim in the Ohio Supreme Court.  I recommend that the Warden's motion to dismiss be DENIED, conditioned on Farmer's filing of an amended petition asserting only exhausted grounds for relief.  Because it appears the Ground Three claim raises only a state-law, non-cognizable issue, this court should not follow the stay and abeyance procedure.  Farmer's motions for stay should, therefore, be DENIED.  In the event Farmer fails to file an amended petition within thirty days, I recommend the court grant the Warden's motion to dismiss.

## II.      Procedural History

### A.      State Conviction

On October 29, 2013, a Cuyahoga County grand jury issued an indictment charging Farmer with one count of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(B)(1), with firearm specifications (Count1), one count of assault, in violation of Ohio Rev. Code § 2903.13(A) (Count 2), one count of breaking and entering, in violation of Ohio Rev. Code § 2911.13(B) (Count 3), one count of disrupting public service, in violation of Ohio Rev. Code § 2909.04(A)(3) (Count 4), and one count of resisting arrest, in violation of Ohio Rev. Code § 2921.33(B) (Count 5).  ECF Doc. 5-1 at Ex. 1, Page ID# 55-57.

Prior to trial, the state withdrew the firearm specification attached to Count 1.  ECF Doc. 5-1 at Ex. 4, Page ID# 60.  The jury found Farmer guilty of the remaining charges.  Id.  On December 29, 2014, the trial court imposed an aggregate sentence of 15 years to run consecutive to a 2 year term for violating post-release control from a prior conviction, for a total of 17 years.  ECF Doc. 5-1 at Ex. 5, Page ID# 61.

### B.      Direct Appeal

On January 28, 2015, Farmer, represented by counsel, filed a notice of appeal (ECF Doc. 5-1 at Ex. 6, Page ID# 63) in the Ohio Court of Appeals, asserting four assignments of error:

First Assignment of Error:  It was error for the trial court to overrule Mr. Farmer's Crim. R. 29 motion for judgment of acquittal as to Counts 1, 4 and 5 made at the close of all evidence as there was no evidence that the alleged victim of the acts charged in those counts was a "law enforcement officer" as alleged in the indictment and as the term is defined in the revised code.

Second Assignment of Error:  Mr. Farmer was denied his constitutional right to a fair trial and due process when he was found guilty on Counts 1, 4 and 5 when the evidence on those counts was insufficient as it did not show that the alleged victim of the acts charged in those counts was a "law enforcement officer" as alleged in the indictment and as the term is defined in the revised code.

Third Assignment of Error:  The jury verdict finding Mr. Farmer guilty as charged in Count Two of the indictment should be vacated because the evidence did not show that James Kirk was a peace officer as the term was defined for them.

Fourth Assignment of Error:  The trial court erred when it imposed an additional and consecutive two-year sentence for violation of post-release control in case No. 468217.

ECF Doc. 5-1 at Ex. 7, Page ID# 71-72.  On November 12, 2015, the court of appeals affirmed Farmer's convictions and sentences on Counts 1, 3 and 5, but reversed his conviction on Count 2, vacated the two year sentence on his post-release control, and remanded the case for resentencing on Count 2.  *State v. Farmer,* 2015-Ohio-4676, 2015 Ohio App. LEXIS 4573 (8th Dist.); ECF Doc. 5-1 at Ex. 9, Page ID# 107.

On December 23, 2015, Farmer, through counsel, filed a notice of appeal with the Supreme Court of Ohio.  ECF Doc. 5-1 at Ex. 10, Page ID# 118.  Farmer's memorandum in support of jurisdiction set forth a single proposition of law:

Because under the Rule of Lenity and the doctrine *expression unius est exclusion alterius,* R.C. 2901.01(A)(11) provide [*sic*] the exclusive definition of "Law Enforcement Officer" for the offenses set forth in R.C. Chapter 29, a person not fitting any definition in that section is not a law enforcement officer and a conviction of an offense against such person as a law enforcement officer is based on insufficient evidence and must be vacated.

ECF Doc. 5-1 at Ex. 11, Page ID# 121.  The Ohio Supreme Court declined to accept jurisdiction in an entry dated April 20, 2016.  ECF Doc. 5-1 at Ex. 13, Page ID# 142.

On January 25, 2017, the trial court resentenced Farmer and imposed an aggregate sentence of 13 years and 6 months.  ECF Doc.5-1 at Ex. 14, Page ID# 143.  Farmer did not appeal this sentence.

### C.      Post-Conviction Filings

#### 1.      First Petition

On October 19, 2015, Farmer filed a *pro se* petition to vacate or set aside judgment of conviction or sentence alleging that he "was denied due process when the State withheld or failed to provide video evidence from the body camera worn by the alleged victim." ECF Doc. 5-1 at Ex. 15, Page ID#145.  On April 13, 2015, the court denied Farmer's post-conviction petition on *res judicata* grounds because he failed to raise this issue on direct appeal. ECF Doc. 5-1 at Ex. 17, Page ID# 165.

On May 6, 2016, Farmer filed a notice of appeal in the Ohio Court of Appeals.  ECF Doc. 5-1 at Ex. 19, Page ID# 167.  Because Farmer didn't file an appellate brief, the court dismissed the appeal *sua sponte* on August 1, 2016.  ECF Doc. 5-1 at Ex. 20, Page ID# 176.

The trial court issued a second journal entry on June 7, 2016 again denying Farmer's motion to vacate or set aside judgment.  ECF Doc. 5-1 at Ex. 18, Page ID# 166.  This entry stated that Farmer could have explored this issue further at trial on cross-examination and indicating that he was not entitled to an evidentiary hearing on his motion to vacate.  Id.  Farmer filed no appeal.

On July 19, 2016, Farmer filed a motion for an order for a final appealable order.  He argued that, because the trial court had denied his petition for post-conviction relief in two separate orders, they did not constitute a final appealable order.  ECF Doc. 5-1 at Ex. 21, Page ID# 177.  On July 25, 2016, the trial court denied this motion indicating that its June 7th journal

4

entry was sufficient to constitute a final appealable order.  ECF Doc. 5-1 at Ex. 23, Page ID# 185.

On August 12, 2016, Farmer filed a notice of appeal regarding the trial court's July 25th order.  ECF Doc. 5-1 at Ex. 24, Page ID# 186.  On September 6, 2016, the court of appeals dismissed the appeal, *sua sponte,* for lack of a final appealable order.  ECF Doc. 5-1 at Ex. 25, Page ID# 198.

On October 7, 2016, Farmer filed a second motion for a final appealable order.  ECF Doc. 5-1 at Ex. 26, Page ID# 199.  The trial court denied Farmer's second motion for a final appealable order on October 31, 2016.  ECF Doc. 5-1 at Ex. 28, Page ID# 206.

In summary, Farmer filed a timely appeal of the trial court's first order denying his post-conviction petition, but he failed to prosecute the appeal and it was *sua sponte* dismissed.  He then failed to perfect an appeal of the court's second, June 7th order denying his post-conviction petition.

## 2.    Second Post-Conviction Filing

On January 5, 2017, Farmer filed a motion for resentencing, arguing that the trial court had improperly used his juvenile record to enhance or increase his sentence in violation of *State v. [Smith][2], 2016-Ohio-7101, and *Apprendi v. New Jersey,* 530 U.S. 466 (2000).  ECF Doc. 5-1 at Ex. 36, Page ID# 244.  The trial court denied this motion on January 25, 2017.  ECF Doc. 5-1 at Ex. 37, Page ID# 248.  On August 11, 2017, Farmer filed a motion requesting that the trial court properly serve him with a copy of the January 25, 2017 order.  ECF Doc. 5-1 at Ex. 39, Page ID# 254.  The trial court granted this motion on August 17, 2017.  Id.  On September 19, 2017, Farmer filed a notice of appeal from the trial court's January 25, 2017 order denying his

---

[2] Farmer's motion mistakenly called this case *State v. Hand*.

post-conviction motion for resentencing.  ECF Doc. 5-1 at Ex. 38, Page ID# 249.  On September 27, 2017, the court of appeals, *sua sponte*, dismissed the appeal because Farmer failed to file a praecipe in accordance with the court's rules.[3]  Farmer is currently appealing this decision to the Ohio Supreme Court.  ECF Doc. 8, Page ID# 287.

### 3.  Third Post-Conviction Filing

On April 10, 2017, after his resentencing, Farmer, *pro se*, filed another motion to vacate void judgment, arguing that the trial court had improperly considered his juvenile record to enhance his sentence.  ECF Doc. 5-1 at Ex. 29, Page ID# 207.  On April 24, 2017, the trial court denied Farmer's motion.  ECF Doc. 5-1 at Ex. 31, Page ID# 219.

On May 18, 2017, Farmer appealed the trial court's April 24, 2017 order.  ECF Doc. 5-1 at Ex. 32, Page ID# 220.  Farmer's brief raised a single assignment of error:

> The trial court erred to appellant's prejudice when he denied his postconviction relief predicated on the constitutional violation recently made applicable to Ohio defendants in *State v. Hand,* 2016-Ohio-5504.

ECF Doc. 5-1 at Ex. 33, Page ID# 229.  On July 20, 2017, the state filed a motion to dismiss arguing that the trial court had already rejected this argument and that it was barred by *res judicata.*  ECF Doc. 5-1 at Ex. 34, Page ID# 238-240.  On July 25, 2017, the court of appeals granted the state's motion to dismiss.  ECF Doc. 5-1 at Ex. 35, Page ID# 243.  Farmer did not file an appeal with the Ohio Supreme Court.

## III.  Federal Habeas Corpus Petition

On April 21, 2017, Farmer filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Farmer asserts the following grounds for relief:

---

[3] *State of Ohio v. Bruce Farmer,* CA 17-106280.

6

**GROUND ONE:** Petitioner was convicted for offenses committed against a law enforcement officer without sufficient evidence to support said convictions as the alleged victim's employment did not render him a law enforcement officer.

**Supporting Facts:** Petitioner was charged with no less than three counts involving offenses specifically related to acts committed against a "law enforcement officer" under any applicable definition of the term. Petitioner's convictions violate the constitution as there was insufficient evidence to support each and ever [sic] element of the offenses beyond a reasonable doubt.

**GROUND TWO:** Petitioner was denied due process of law under Fourteenth Amendment to the U.S. Constitution when the State withheld or failed to provide video evidence from the body camera worn by the alleged victim or provide proper evaluation thereof when said evidence was critical to his defense.

**Supporting facts:** The alleged victim in this case was working for security for a railroad. He testified that he turned on his body camera prior to exiting his vehicle and interacting with Petitioner. Petitioner was assaulted by the alleged victim who later falsely claimed that Petitioner had assaulted him – to include pepper spraying him in the face – while Petitioner's hands were handcuffed behind his back. The body camera was not turned over to police forensic investigators who were on the scene, but was taken back to the police station by a responding officer and the alleged victim. No forensic evaluation of the evidence was ever performed or provided to Petitioner, prejudicing his defense and depriving him of evidence that was exculpatory.

**GROUND THREE:** Petitioner's sentence was void due to constitutional violations as applied to the State of Ohio through the Ohio Supreme Court's decision in *State v. Hand,* 2016-Ohio-5504, 2016 Ohio LEXIS 2106, where the use of Petitioner's juvenile record was used to extend his sentence beyond the statutory minimums and to run his sentences consecutively.

**Supporting facts:** The Ohio Supreme Court recently ruled that it is unconstitutional to use a defendant's juvenile record to enlarge a defendant's sentence. Petitioner's trial court used his juvenile record to pronounce more than maximum and consecutive sentences in violation of the United States Constitution under the Fourteenth Amendment. The use of the juvenile record was contrary to law, making petitioner's sentences void ab initio.

ECF Doc. 1.

## IV.    Law and Analysis

### A.    Exhaustion

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  AEDPA requires state prisoners to exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982).  This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).  It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Respondent argues that Farmer did not exhaust Ground Three because he never properly appealed his resentencing.  After respondent filed his motion to dismiss, he discovered that Farmer *had* appealed and that his appeal was *sua sponte* dismissed by the court of appeals on September 29, 2017 for failure to comply with Local App. R. 9(B). ECF Doc. 7, Page ID# 281.  On December 11, 2017, Farmer appealed to the Ohio Supreme Court and his appeal remains pending on the court's docket.  ECF Doc. 8, Page ID #287.   The parties agree that Ground Three is not exhausted.  ECF Doc. 5, 6, 7 & 8.

Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).  Because Farmer's appeal is still pending in the Ohio Supreme Court, Ground Three claim is unexhausted.  28 U.S.C. § 2254(c).

### B.      Stay or Dismissal of Ground Three

Because Farmer did not exhaust Ground Three, his habeas petition is "mixed" in that it contains exhausted and unexhausted claims.[4]  See *Rhines v. Weber*, 544 U.S. 269, 271, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice, *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), or, under certain limited circumstances, a court may grant a stay to allow the petitioner to return to state court to exhaust his state remedies.  *Rhines*, 544 U.S. at 277.  Respondent argues that the court should either: 1) allow Farmer to dismiss Ground Three of his petition and proceed with Grounds One and Two; or 2) dismiss the entire petition, which Farmer would be able to re-file after he has exhausted Ground Three.  ECF Doc. 5, Page ID# 49-50.

Previously, district courts were required to dismiss federal habeas corpus petitions containing both exhausted and unexhausted claims.  *Rose,* 455 U.S. at 522.  The AEDPA's establishment of a one-year statute of limitations, coupled with the mixed petition dismissal rule previously established in *Rose*, caused the Supreme Court to rule that district courts may stay and hold in abeyance federal habeas petitions in limited circumstances in order to allow petitioners to

---

[4] Respondent concedes that petitioner exhausted Grounds One and Two of his petition.  ECF Doc. 5, Page ID# 47.

pursue remedies for unexhausted claims in state court and not face a state of limitations bar on unexhausted claims. *Rhines,* 544 U.S. at 275.

The Supreme Court also recognized that if employed too frequently, stay and abeyance of mixed federal habeas petitions would undermine the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Rhines,* 544 U.S. at 277. Frequent use of stay and abeyance would also decrease a petitioner's incentive to exhaust all of his state claims before filing his federal petition. *Id.* For these reasons, the Supreme Court emphasized that stay and abeyance should be available rarely. In *Rhines*, the Court identified three criteria for determining whether to stay a habeas case: (1) the district court must determine that there was good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims must not be plainly meritless; and (3) there can be no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-278.

Farmer argues that he did not file a timely appeal because he did not receive notice of the resentencing entry. Once he did receive notice, he filed his appeal. After his appeal was dismissed, he moved for reconsideration and then filed a notice of appeal with the Ohio Supreme Court. ECF Doc. 6, Page ID# 277. Respondent acknowledges that Farmer has arguably satisfied the first requirement of *Rhines* – that there was good cause for his failure to exhaust. ECF Doc. 7, Page ID # 282. Farmer has also arguably satisfied the third requirement of *Rhines* as it does not appear that he has engaged in any intentionally dilatory litigation tactics.

However, respondent contends that Farmer has failed to show that Ground Three is not plainly meritless. Respondent argues that Ground Three is a non-cognizable challenge to a matter of state law. Id. Because it is meritless, respondent argues that the court should not stay

this case. Farmer contends that Ground Three is potentially meritorious because it is based on a void sentence. ECF Doc. 6, Page ID# 277.

In Ground Three, Farmer argues that his sentence is void because the trial court violated his due process rights when it considered his juvenile record to enhance his sentence and ordered him to serve consecutive prison terms. In *State v. Hand,* 149 Ohio St.3d 94 (2015), the Ohio Supreme Court held that Ohio Rev. Code § 2901.08(A) was unconstitutional because it was fundamentally unfair to treat a juvenile adjudication as a prior conviction in order to enhance the sentence of an adult offender. *Hand,* 149 Ohio St.3d at syllabus. *Hand* further held that, because a juvenile adjudication is not based on a jury's fact-finding, it cannot be used to increase a sentence beyond a statutory minimum or mandatory maximum. Id.*, citing Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000) and *Alleyne v. United States,* __U.S.__, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2014).

A portion of the trial court's sentencing transcript was submitted with Farmer's motion to vacate void judgment. ECF Doc. 5-1 at Ex. 29, Page ID# 212-214. Before sentencing Farmer, the trial court reviewed his presentence investigation report noting Farmer's juvenile record as well as his adult history. Id. But there is no indication that the trial court used this information to increase the mandatory minimum or maximum sentence permitted by the sentencing statute. Rather, it appears that the trial court considered this information in fashioning a sentence within the statutory range.

In *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime, not a sentencing factor, and must be submitted to a jury. But the Court also stated that facts that increase a crime's mandatory minimum sentence, and so involve the

Sixth Amendment's right to trial by jury, are "distinct from factfinding used to guide judicial discretion in selecting a punishment within the limits fixed by law." While such judicial factfinding "may lead judges to select sentences that are more severe than they would have selected without those facts," the Court emphasized that the Sixth Amendment does not govern that element of sentencing."

In Ground Three, Farmer objects to the trial court's consideration of his juvenile record in selecting his sentence. However, the juvenile history in Farmer's presentence investigation report was not an element of his crimes and did not increase the mandatory minimum or maximum sentences for his crimes. *See* Ohio Rev. Code § 2929.14(A)(1), (4) and (5). Moreover, Ohio Rev. Code § 2929.12(D)(2) required the trial court to consider this information. Farmer's Sixth Amendment rights were not implicated. Sentencing is a state matter, and states have authority over the administration of their criminal justice systems, including concurrent and consecutive sentencing. *Oregon v. Ice*, 555 U.S. 160, 164, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009). Consequently, even if the state court misinterpreted state sentencing guidelines (and there is no indication that it did so here) Farmer's sentencing does not raise a federal constitutional issue. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991) ("[T]he interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction."); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) ("In the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure.").

Ground Three of Farmer's petition challenges the trial court's consideration of his juvenile record before sentencing him.  However, state sentences within the statutory ranges do not involve federal law and challenges to them are non-cognizable in federal habeas proceedings. Thus, Ground Three involves a non-cognizable question of state law and is plainly meritless. For this reason, a stay is not warranted, and I recommend that Farmer's motions to stay be DENIED.

### C.     Disposition of Grounds One and Two of Farmer's Petition

When a stay is inappropriate in a mixed petition case and the petition would otherwise have to be dismissed in its entirety, a federal district court should give the petitioner an opportunity to file an amended petition that excludes the unexhausted claims.  *See Rhines*, 544 U.S. at 278 ("if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."); *see also, Kinstle v. Bunting,* 2015 U.S. Dist. LEXIS, 146916 at *55-56 (N.D. Ohio, March 30, 2015). Warden Bracy has not argued that Farmer failed to exhaust Grounds One or Two of his habeas petition.  The court should deny the Warden's motion to dismiss and permit Farmer to file an amended petition omitting Ground Three within thirty days.  If Farmer fails to comply, I recommend that the court dismiss his petition in its entirety.

## V.     Recommendations

I recommend that the Warden's motion to dismiss (ECF Doc. 5) Farmer's petition be conditionally DENIED and that Farmer be granted leave to file an amended petition omitting his unexhausted Ground Three within thirty days.  I further recommend that the court grant the

motion to dismiss should Farmer fail to file the amended petition.  Finally, I recommend that

Farmer's motions to stay (ECF Docs. 6 & 8) be DENIED

Dated: February 16, 2018

Thomas M. Parker

United States Magistrate Judge

———————————————————

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after being served with a copy of this document.  Failure to file
objections within the specified time may waive the right to appeal the District Court's order.  See
*U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985),
reh'g denied, 474 U.S. 1111 (1986).