UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE L. FARMER, | ) | CASE NO. 1:17-cv-860 |
| PETITIONER, | ) | |
| vs. | ) | JUDGE SARA LIOI |
| WARDEN CHARMAINE BRACY, | ) | |
| RESPONDENT. | ) | **MEMORANDUM OPINION** |

Before the Court is the Report & Recommendation of Magistrate Judge Thomas M. Parker (Doc. No. 9 ["R & R"]) regarding the following motions: (1) motion to dismiss the mixed petition for lack of exhaustion filed by respondent Warden Charmaine Bracy (Doc. No. 5); (2) motion for stay and abeyance filed by petitioner Bruce L. Farmer ("Farmer") (Doc. No. 6); and (3) second motion for stay and abeyance filed by Farmer. (Doc. No. 8.) The R & R and the three pending motions all relate to Farmer's failure to exhaust the third ground for relief prior to filing his habeas petition in this Court.

At the time the R & R was issued, appeal of the third ground for relief was pending before the Supreme Court of Ohio.[1] (R & R at 8.) On April 25, 2018, the Supreme Court of Ohio declined jurisdiction over Farmer's appeal, thus issuing a final judgment as to the third ground for relief.[2] Because there has been a final judgment by the state's highest court, available appellate relief has concluded, and the third ground for relief has been exhausted. *See Manning v.*

---

[1] The case presents a somewhat complex procedural background involving two separate cases. An analysis of this procedural history may be addressed more fully when discussing the possible applicability of procedural default to the third ground for relief. At this time, only the existence of the judgment by the Supreme Court of Ohio relating to this third ground for relief is material.

[2] *See State of Ohio v. Farmer*, 96 N.E.3d 300 (Table) (Ohio 2018). Docket Case No. CA-17-106370 *available at* https://cpdocket.cp.cuyahogacounty.us/CV_CaseInformation_Docket.aspx?q=KTFY_Khgy8OP65qqEKjfcw2.

*Alexander*, 912 F.2d 878, 883 (6th Cir. 1990) ("To exhaust his or her remedies, a petitioner for federal habeas corpus relief is only required to raise his claims before the state's highest court. The fact that the state court does not address the merits of the claim does not preclude a finding of exhaustion.") (citation omitted). Therefore, all pending motions must be denied, as moot. Accordingly, the petition is referred back to Magistrate Judge Parker for Report & Recommendation as to all grounds for relief.

    **IT IS SO ORDERED.**

Dated: August 6, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**