# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE L. FARMER, | ) | CASE NO. 1:17-CV-00860 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHARMAINE BRACY, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the report and recommendation (Doc. No. 20 ["R&R"]) of Magistrate
Judge Thomas M. Parker, recommending that petitioner Bruce Farmer's ("Farmer") petition for a
writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1 ["Pet."]) be denied. Farmer filed
timely objections to the R&R. (Doc. No. 22 ["Obj."].) Respondent filed neither a response to
Farmer's objections, nor her own objections. For the reasons discussed herein, Farmer's objections
to the R&R are OVERRULED and the R&R is ACCEPTED.

## I. BACKGROUND

### A.     Facts Underlying Farmer's Prosecution and Conviction

The Ohio Court of Appeals recited the facts underlying Farmer's prosecution and conviction:

> {¶ 3} The offenses arose from an incident that occurred on October 21, 2013. James
> Kirk, an officer with the Norfolk Southern Railroad Police Department, testified that
> he was patrolling in his unmarked police vehicle along a stretch of railroad track in
> Cleveland when he saw three individuals, one of whom was [Farmer], trespassing.
> He activated his lights, stopped the individuals, and informed them they were
> trespassing. Officer Kirk was wearing a police uniform, including his badge, and was
> carrying mace and a firearm.

{¶ 4} When Officer Kirk questioned [Farmer] as to the spelling of the name he provided, [Farmer] became nervous, turned, and ran. Officer Kirk chased [Farmer], caught him, handcuffed him, and brought him back to the police vehicle.

{¶ 5} According to the testimony of Officer Kirk, as he attempted to use his cell phone to call for assistance, [Farmer] pulled one of his hands loose from the handcuffs and swung at the officer. Officer Kirk was able to handcuff [Farmer] again, but the struggle continued. During the struggle, [Farmer] hit the officer, attempted to grab the officer's gun, sprayed the officer with mace, and broke the officer's cell phone during the officer's attempt to call for backup.

{¶ 6} Officer Kirk began yelling for someone to call 911. A neighbor from the area made the call. The neighbor testified that she saw the officer trying to hold the suspect on the ground and that the suspect kept fighting. She stated the officer was asking for help and asking the suspect to stop. Other bystanders arrived at the scene, and the two individuals who were with [Farmer] on the tracks also returned. One of those individuals took an aggressive stance toward the officer, at which point the bystanders intervened. Eventually, the Cleveland police arrived.

{¶ 7} Officer Kirk testified that he is "a certified police officer under the State of Ohio, and * * * commissioned through the State of Ohio with the Norfolk Southern Railroad Police Department." He further testified to his training, qualifications, and duties as a law enforcement officer.

{¶ 8} [Farmer] testified that after being stopped by the officer for walking on the tracks, he ran and was caught. According to [Farmer], after he was taken back to the police vehicle, the officer pushed [Farmer] to the ground, pinned [Farmer] in a choke hold, and maced [Farmer] and himself. [Farmer] denied reaching for the officer's weapon. [Farmer's] former girlfriend, who was one of the individuals with him on the tracks, testified that she observed the officer place [Farmer] in a choke hold and that when the officer went to spray [Farmer] with mace, he essentially sprayed himself.

*State v. Farmer*, 48 N.E.3d 1048, 1049–50 (Ohio Ct. App. 2015). In a habeas corpus proceeding, factual determinations made by state courts are presumed correct unless the petitioner rebuts them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).

**B.      State Trial Court Convictions**

A grand jury issued a five-count indictment against Farmer on October 29, 2013, charging him with: Count One—Aggravated Robbery, in violation of Ohio Rev. Code. §2911.01(B)(1), a first-degree felony (Count One also had a three-year firearm specification under Ohio Rev. Code § 2941.145(A) and a one-year firearm specification under Ohio Rev. Code § 2941.141(A)); Count Two—Assault on a peace officer, in violation of Ohio Rev. Code § 2903.13(A), a fourth-degree felony; Count Three—Breaking and Entering in violation of Ohio Rev. Code § 2911.13(B), a fifth-degree felony; Count Four—Disrupting Public Service, in violation of Ohio Rev. Code § 2909.04(A)(3), a fourth-degree felony; and Count Five—Resisting Arrest, in violation of Ohio Rev. Code § 2921.33(B), a first-degree misdemeanor. (Doc. No. 5-1, Ex. 1, at 55.[1]) Farmer pleaded not guilty to the charges and proceeded to jury trial commencing on November 17, 2014. (Doc. No. 5-1, Ex. 3, at 59.) On November 21, 2014, the jury found Farmer guilty on each count; the trial judge dismissed the firearm specifications after the State of Ohio withdrew the specifications prior to the commencement of trial. (Doc. No. 5-1, Ex. 4, at 60.)

The trial court conducted a sentencing hearing on December 29, 2014. Farmer was ordered to serve a prison term of eleven years on the Count One Aggravated Robbery charge, eighteen months on the Count Two Assault on a Peace Officer charge, twelve months on the Count Three Breaking and Entering charge, eighteen months on the Count Four Disrupting Public Service charge, and six months on the Count Five Resisting Arrest Charge. The prison terms on Counts One, Two, Three, and Four were ordered to be served consecutively; the prison term on Count Five was to be served concurrently to the other counts. In addition, the trial court imposed a two-year consecutive prison

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

term pursuant to Ohio Rev. Code § 2929.141 as a sanction for Farmer's violation of the terms of pre-existing post-release control. Farmer's aggregate sentence was seventeen years. (Doc. No. 5-1, Ex. 5, at 61.)

## C. Direct Appeal

Farmer, represented by new counsel, filed a timely notice of appeal to the Ohio Court of Appeals on January 28, 2015. (Doc. No. 5-1, Ex. 6., at 63.) In his direct appeal, Farmer asserted four assignments of error:

> 1. It was error for the trial court to overrule Mr. Farmer's Crim. R. 29 Motion for Judgment of Acquittal as to [Counts] 1, 4 and 5 made at the close of all the evidence as there was no evidence that the alleged victim of the acts charged in those counts was a "law enforcement officer" as alleged in the indictment and as the term is defined in the Revised Code.

> 2. Mr. Farmer was denied his constitutional right to a fair trial and due process when he was found guilty on Counts 1, 4, and 5 when the evidence on those counts was insufficient as it did not show that the alleged victim of the acts charged in those counts was a "law enforcement officer" as alleged in the indictment and as the term is defined in the Revised Code.

> 3. The jury verdict finding Mr. Farmer guilty as charged in Count Two of the indictment should be vacated because the evidence did not show that James Kirk was a peace officer as the term was defined for them.

> 4. The trial court erred when it imposed an additional and consecutive two-year sentence for violation of post-release control . . . .

(Doc. No. 5-1, Ex. 7, at 71–72.) In a November 12, 2015 journal entry and opinion, the Ohio Court of Appeals: (1) vacated the jury's finding that the victim was a peace officer for purposes of the Count Two Assault charge, vacated the trial court's sentence on Count Two and remanded the case for resentencing on Count Two only; (2) vacated the sentence imposed for the post-release control violation, thereby sustaining Farmer's fourth assignment of error; and (3) overruled Farmer's first and second assignments of error, thereby affirming his convictions on Counts One, Three, and Four.

Farmer had not appealed his Count Five conviction. Farmer's case was remanded for further proceedings. (Doc. No. 5-1, Ex. 9, at 107, 116–117.)

Farmer filed a timely notice of appeal and memorandum in support of jurisdiction in the Ohio Supreme Court on December 23, 2015. (Doc. No. 5-1, Exs. 10, 11, at 118, 120.) Farmer raised one proposition of law:

> Because under the Rule of Lenity and the doctrine *expressio unius est exclusio alterius*, R.C. 2901.01(A)(11) provide the exclusive definition of "Law Enforcement Officer" for the offenses set forth in R.C. Chapter 29, a person not fitting any definition in that section is not a law enforcement officer and a conviction of an offense against such person as a law enforcement officer is based on insufficient evidence and must be vacated.

(Doc. No. 5-1, Ex. 11, at 121.) The Ohio Supreme Court declined jurisdiction on April 20, 2016. (Doc. No. 5-1, Ex. 13, at 142.) Farmer did not seek further review in the United States Supreme Court. (Pet. at 3.)

### D.    Resentencing

Pursuant to the Ohio Court of Appeals mandate, Farmer returned to the trial court for resentencing on January 24, 2017. The trial court imposed a six-month prison term on Count Two and ordered that it be served concurrently with the sentence previously imposed on the Count One Aggravated Robbery charge. With the modification of the Count Two sentence and the vacatur of the sentence on the post-release control violation, Farmer's aggregate sentence became thirteen years and six months. (Doc. No. 5-1, Ex. 14, at 143.) Farmer did not appeal the resentencing decision.

### E.    Petition to Vacate or Set Aside Judgment of Conviction or Sentence

While Farmer's direct appeal was pending, he filed a pro se Petition to Vacate or Set Aside Judgment of Conviction or Sentence on October 19, 2015. (Doc. No. 5-1, Ex. 15, at 144.) Farmer's petition raised a single claim: "[H]e was denied due process when the State withheld or failed to

provide video evidence from the body camera worn by the alleged victim." (*Id.* at 145.) By a journal entry dated April 13, 2016, the trial court denied Farmer's petition. (Doc. No. 5-1, Ex. 17, at 165.) The trial court ruled that the arguments Farmer presented in his petition could have been raised on his direct appeal; and it concluded that the claims were barred by the doctrine of res judicata. (*Id.*)

On May 6, 2016, Farmer filed a pro se notice of appeal from the trial court's April 13, 2016 journal entry.

Despite its April 13, 2016 journal entry, the trial court filed another journal entry on June 7, 2016, also denying Farmer's Motion to Vacate or Set Aside Judgment of Conviction or Sentence. (Doc. No. 5-1, Ex. 18, at 166.) The June 7 journal entry—as with the April 13 entry—reflected the reasoning of the court, but expressed different grounds for denying the petition than had been expressed in the earlier entry. Farmer did not file a notice of appeal from the June 7 ruling within the thirty-day deadline to appeal. Instead, Farmer appears to have tried to deal with this pair of orders by filing, pro se, a Motion for an Order for a Final Appealable Order on July 19, 2016. (Doc. No. 5-1, Ex. 21, at 177.)

Farmer argued that under Ohio law two judgment entries for the same decision cannot constitute a final appealable order. The State filed a brief in opposition on July 22, 2016. (Doc. No. 5-1, Ex. 22, at 181.) The State—making no mention of the April 13 journal entry from which Farmer had originally appealed—argued that the June 7 trial court entry was sufficient to constitute a final appealable order. (*Id.* at 182.) The trial court denied the motion in an entry dated July 25, 2016, mirroring the State's argument and stating: "The court's 6/7/16 journal entry is sufficient to constitute a final appealable order." (Doc. No. 5-1, Ex. 23, at 185.)

Although Farmer had filed a praecipe and a docketing statement with his notice of appeal from the April 13 ruling on his petition to vacate, he never filed an appellate brief, and the Ohio Court of Appeals dismissed his appeal *sua sponte* on August 1, 2016, "for failure to file a brief." App. R. 18(C). (Doc. No. 5-1, Ex. 20, at 176.)

On August 12, 2016, Farmer filed a notice of appeal from the trial court's June 7, 2016 order denying his petition to vacate or set aside judgment of conviction or sentence, citing the trial court's July 25, 2016 entry as having provided "affirmation" that the June 7 order was the final appealable order concerning the petition. (Doc No. 5-1, Ex. 24, at 186.) Farmer claimed his appeal was filed timely relative to the July 25 trial court order. (*Id.*) On September 6, 2016, the court of appeals dismissed Farmer's appeal *sua sponte* for want of a final appealable order. (Doc. No. 5-1, Ex. 25, at 198.)

Farmer filed a second motion for a final appealable order on October 7, 2016, reciting the same facts he asserted in his initial motion for a final appealable order but adding the fact of his most recent attempt to appeal and of the appellate court's *sua sponte* dismissal thereof. (Doc. No. 5-1, Ex. 26, at 199.) On October 17, 2016, the State filed a brief in opposition, again asserting, among other things, that the trial court's June 7, 2016 order denying Farmer's petition to vacate was a final appealable order from which Farmer failed to appeal. (Doc. No. 5-1, Ex. 27, at 202.) On October 31, 2016, the trial court issued a journal entry denying Farmer's second motion for a final appealable order, stating: "The defendant received a final appealable order on 6/7/16 when this court denied his motion to vacate/set aside conviction. He should have appealed from that order. Unfortunately, the time to file that appeal has long since passed." (Doc. No. 5-1, Ex. 28, at 206.) As with the State's

filings, the trial court's entry made no mention of its original, April 13, 2016 entry denying the petition to vacate or Farmer's appeal therefrom.

### F. Motion for Resentencing

On January 5, 2017, Farmer filed a pro se motion for resentencing for "the offenses for which he has been convicted in the instant case." (Doc. No. 5-1, Ex. 36, at 244.) Farmer contended the trial court improperly relied upon his juvenile criminal history when it imposed consecutive sentences in violation of the principles announced in *State v. Hand*, 840 N.E.2d 151 (Ohio 2006). Farmer also argued his sentences were improperly determined based on the trial court's erroneous conclusion that he was on post-release control at the time he committed the offenses charged in this case. As noted, Farmer was in the trial court on January 24, 2017, and resentenced pursuant to the court of appeals' mandate and remand. By a journal entry filed on January 25, 2017 (the day after Farmer was resentenced), the trial court denied Farmer's motion for resentencing without discussion. (Doc. No. 5-1, Ex. 37, at 248.)

On August 11, 2017, Farmer filed a pro se motion in the trial court requesting that he be properly served with the January 25, 2017 order, contending he had never been served properly. (Doc. No. 15-1, Ex. 38, at 354.) The trial court granted the motion on August 17, 2017. (Doc. No. 15-1, Ex. Ex. 39, at 361.) On September 19, 2017, Farmer filed a notice of appeal from the trial court's January 25, 2017 order dismissing his post-conviction motion for resentencing. (Doc. No. 15-1, Ex. 40, at 362.)

The Ohio Court of Appeals dismissed Farmer's appeal *sua sponte* on September 27, 2017, "for failure to file a praecipe in accordance with Local App. R. 9(B)." (Doc. No. 15-1, Ex. 41, at 367.) Farmer did not appeal that ruling to the Supreme Court of Ohio.

Instead, on October 13, 2017—in an apparent attempt to overcome his failure to file a praecipe—Farmer filed a new notice of appeal (complete with praecipe and docketing statement) concerning the January 25, 2017 order denying his motion for resentencing. Also, in connection with his new appeal, on October 13, 2017, Farmer filed a motion for leave to file a delayed appeal, pursuant to Ohio Appellate Rule 5. (Doc. No. 15-1, Ex. 43, at 382.) Six days later, on October 19, 2017, the Ohio Court of Appeals filed two journal entries, one denied Farmer's motion to file a delayed appeal and the other dismissed the appeal *sua sponte* in light of the delayed appeal denial. (Doc. No. 15-1, Exs. 44, 45, at 385, 386.)

On November 3, 2017, Farmer filed an application for reconsideration of the denial of delayed appeal and the dismissal of the appeal, purportedly pursuant to Ohio Appellate Rule 26 (Doc. No. 15-1, Ex. 46, at 387.) Four days later, on November 7, 2017, the Ohio Court Appeals issued a journal entry denying the motion for reconsideration. (Doc. No. 15-1, Ex. 47, at 391.)

Farmer filed a notice of appeal to the Ohio Supreme Court on December 11, 2017, concerning the disposition of his most recent appeal. (Doc. No. 15-1, Ex. 48, at 392.) Farmer's memorandum in support of jurisdiction asserted two propositions of law:

> **First Proposition of Law**: Is an appellant denied due process of law when he is denied an appeal for an inadvertent unneeded and inconsequential omission of a praecipe?

> **Second Proposition of Law**: Is an appellant denied due process of law under the Ohio and U.S. Constitutions when the trial court utilized illegal and improper information when formulating appellant's sentence per this court's ruling in *State v. Hand*, 149 Ohio St. 3d 947?

(Doc. No. 15-1, Ex. 49, at 395.) The Ohio Supreme Court declined jurisdiction by a journal entry filed on April 25, 2018. (Doc. No. 15-1, Ex. 51, at 407.) Farmer did not seek further review in the United States Supreme Court.

### G. Motion to Vacate a Void Judgment

Earlier, on April 10, 2017, Farmer—ostensibly unaware of the trial court's January 25, 2017 ruling on his motion for resentencing—filed a post-conviction motion to vacate the original judgment of conviction and sentence based on his contention that the trial court impermissibly used his juvenile record to enhance his sentence, in violation of the Ohio Supreme Court decision in *State v. Hand*, 840 N.E.2d 151 (Ohio 2006) (essentially the same argument made in his motion for resentencing). (Doc. No. 5-1, Ex. 29, at 207.) The State filed a brief in opposition on April 18, 2017, arguing that Farmer's interpretation of *State v. Hand* lacked merit and that res judicata principles prevented Farmer from relitigating the same issue decided in the disposition of his motion for resentencing. (Doc. No. 5-1, Ex. 30, at 215–16.) The trial court denied the motion to vacate by a journal entry filed April 24, 2017. (Doc. No. 5-1, Ex. 31, at 219.)

On May 18, 2017, Farmer filed a notice of appeal concerning the April 24, 2017 order denying his motion to vacate. (Doc. No. 5-1, Ex. 32, at 220.) Farmer's appellate brief raised a single assignment of error: "The trial court erred to appellant's prejudice when [it] denied his postconviction relief predicated on the constitutional violation recently made applicable to Ohio defendants in *State v. Hand*, 2016-Ohio-5504." (Doc. No. 5-1, Ex. 33, at 229.) The State moved to dismiss the appeal in a filing dated July 20, 2017, arguing that Farmer's failure to perfect a timely appeal of the trial court's January 25, 2017 denial of Farmer's motion for resentencing—an order from which Farmer did not appeal—barred the appeal under *res judicata* principles. (Doc. No. 5-1, Ex. 34, at 237.) On July 25, 2017 the Ohio Court of Appeals granted the State's motion to dismiss Farmer's appeal, adopting the State's *res judicata* argument. (Doc. No. 5-1, Ex. 35, at 243.) Farmer did not appeal this decision to the Supreme Court of Ohio.

### G. Federal Habeas Corpus Petition

Farmer filed his pro se petition for writ of habeas corpus in this court on April 21, 2017.

Farmer now raises three grounds for relief:

> **GROUND ONE:** Petitioner was convicted for offenses committed against a law enforcement officer without sufficient evidence to support said convictions as the alleged victim's employment did not render him a law enforcement officer.
>
> **GROUND TWO:** Petitioner was denied due process of the law under [the] Fourteenth Amendment to the U.S. Constitution when the State withheld or failed to provide video evidence from the body camera worn by the alleged victim or provide proper evaluation thereof when said evidence was critical to his defense.
>
> **GROUND THREE:** Petitioner's sentence was void due to constitutional violations as applied to the State of Ohio through the Ohio Supreme Court's decision in *State v. Hand*, 2016-Ohio-5504; 2016 Ohio LEXIS 2106, where the use of [p]etitioner's juvenile record was used to extend his sentence beyond statutory minimums and to run his sentences consecutively.

(Pet. at 4, 5, 7.) Because Farmer still had state court proceedings ongoing at the time he filed his habeas petition, respondent moved to dismiss the petition on September 26, 2017, because it contained both exhausted and unexhausted claims for relief. (Doc. No. 5.) Farmer moved to have the matter stayed and held in abeyance so that he could complete his state court litigation. (Doc. No. 6.) Farmer filed a second motion for stay and abeyance on January 16, 2018. (Doc. No. 8.) On August 6, 2018, this Court issued a memorandum opinion overruling all pending motions and referring the petition back to the magistrate judge for an R&R on all grounds for relief. (Doc. No. 12.) Respondent filed a return of writ and a supplement to the state court record on October 5, 2018. (Doc. No. 15.) Farmer filed his traverse on December 10, 2018. (Doc. No 19.)

On February 12, 2019, the magistrate judge filed a R&R recommending that Ground One be dismissed for lack of merit, that Ground Two and Ground Three be dismissed as procedurally defaulted, and that Farmer's petition thus be denied. Farmer filed timely objections. Respondent

filed neither a response to Farmer's objections nor her own objections. This matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a de novo review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In conducting its de novo review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

## III. DISCUSSION

Farmer filed objections to the R&R as it pertains to all three issues raised in his writ of habeas corpus petition.

### A.     Ground One: Sufficiency of the Evidence

In his first ground for relief, Farmer contends that he was convicted for offenses committed against a law enforcement officer without sufficient evidence to support said convictions because his alleged victim's employment did not render the victim a law enforcement officer. Farmer objects to the magistrate judge's finding that Farmer's guilty verdict was supported by sufficient evidence. Specifically, Farmer contends that the magistrate judge applied the wrong standard in determining that Farmer's claim of insufficient evidence lacked merit. (Obj. at 1188.) Further, Farmer contends that the magistrate judge was incorrect to say that the federal court lacks the power to reach its own conclusion about what the term "law enforcement officer" means under Ohio law. (*Id.* at 1190.)

Evidence is sufficient to sustain a guilty verdict if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quotation marks omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). This standard "gives full play to the responsibility of the trier of fact fairly to resolve

conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* (quotation marks omitted) (quoting *Jackson*, 443 U.S. at 319). Consistent with the deference given to the trier of fact's resolution of conflicts in evidence, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).

Because both *Jackson* and AEDPA apply to a petitioner's evidence sufficiency claim, federal habeas review requires deference at two levels. "'First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the [state court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis*, 658 F.3d at 531 (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). As the Sixth Circuit has explained:

> When reviewing whether the state court's determination was "objectively unreasonable," this court necessarily engages in a two-step analysis. First, we must ask whether the evidence itself was sufficient to convict under *Jackson*. The inquiry ends if the panel determines that there was sufficient evidence to convict [the petitioner]. If we find that the evidence is insufficient to convict, we must then apply AEDPA deference and ask whether the state court was "objectively unreasonable" in concluding that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt.

*Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010). In a habeas review, "'[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.'" *Davis*, 658 F.3d at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

In objecting to the R&R, Farmer contends that the magistrate judge was incorrect in finding

that the federal court lacks the power to reach its own conclusion about how the term "law enforcement officer" is defined under Ohio law. (Obj. at 1190.) Farmer seems to suggest in his objections that it was inconsistent for the state court to hold that there was *insufficient* evidence to define Farmer's victim as a peace officer, while also holding that there was *sufficient* evidence to define Farmer's victim as a law enforcement officer. However, "law enforcement officer" is defined in Ohio Rev. Code § 2901.01(A)(11), while "peace officer" is defined in a different section: Ohio Rev. Code § 2935.01(B). Because law enforcement officer and peace officer have different definitions, it is entirely possible, consistent, and reasonable to find Farmer's victim fits one definition, but not the other.

Further, on habeas review, this Court is "bound by state court interpretations of state criminal law except in extreme circumstances where it appears that the interpretation is an obvious subterfuge to evade consideration of a federal issue." *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993). This Court finds that the state court's decision to define law enforcement officer as encompassing Farmer's victim, a railroad security officer, is reasonable and was not made to evade consideration of any federal issue. Thus, the magistrate judge was correct to find that the federal court is bound by the state's interpretation of the state's own criminal definitions.

Farmer also contends that the magistrate judge applied the wrong standard in determining that Farmer's claim of insufficient evidence lacked merit. (Obj. at 1188.) In determining whether there was sufficient evidence to find Farmer's victim fit the definition of a law enforcement officer, this Court must first give deference to the trier-of-fact's verdict, as contemplated by *Jackson*, and then the Court must also give deference to the state court's consideration of the trier-of-fact's verdict, as dictated by AEDPA. *Davis*, 658 F.3d at 531. This is the standard the magistrate judge

applied in his proper analysis and the Court agrees with the magistrate judge's determination that there was sufficient evidence to find Farmer's victim fit the definition of law enforcement officer, and, even if there was not, the state court was not unreasonable in holding that there was sufficient evidence. As mentioned, "'[a] defendant who challenges the sufficiency of the evidence to sustain his convictions faces a nearly insurmountable hurdle,'" *Id.* at 534 (quoting *Oros*, 578 F.3d at 710), and Farmer has failed to clear the hurdle.

Farmer's first ground for relief, asserting insufficient evidence, must be dismissed because it lacks any merit.

### B.     Grounds Two and Three Procedural Default

A state criminal defendant with federal constitutional claims must present his federal claims to the state courts for consideration before becoming eligible for habeas corpus relief. 28 U.S.C. § 2254(b), (c). When a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). A petitioner may procedurally default a claim in two ways: (1) "by failing to comply with state procedural rules in presenting his claim to the appropriate state court[;]"and (2) "by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (internal quotation marks and citation omitted).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state

procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.*

If the habeas court determines that a procedural default has occurred, it is precluded from considering the merits of claims procedurally barred in state court unless the petitioner "show[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In order to establish cause, petitioner must show that "some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

## 1. Ground Two: *Brady* Violation

In his second ground for relief, Farmer contends that he was denied due process under the Fourteenth Amendment to the Constitution when the prosecution withheld or failed to provide video evidence from the body camera worn by Farmer's alleged victim or provide proper evaluation thereof when said evidence was critical to Farmer's defense. Farmer objects to the magistrate judge's finding that Farmer's second ground for relief was procedurally defaulted. (Obj. at 1193.) Specifically, Farmer contends that the magistrate judge's application of the doctrine of *res judicata*

was improper because no forensic evaluations of the body camera or the body camera recordings were discussed or presented at trial. (*Id.* at 1195.)

Farmer's second ground for relief amounts to a *Brady* claim. *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L Ed. 2d 215 (1963). To determine whether Farmer's *Brady* claim is procedurally defaulted, the Court must apply the *Maupin* factors as outlined above. Here, the first three *Maupin* factors are easily met. First, the Ohio Court of Appeals applied the doctrine of *res judicata* to determine that Farmer was barred from raising his *Brady* claim in post-conviction proceedings. Second, the doctrine of *res judicata* is regularly applied by Ohio courts to preclude a defendant from raising a claim that was previously fully litigated or that could have been fully litigated at trial or on direct appeal. *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *see also State v. Cole*, 443 N.E.2d 169, 170–71 (Ohio 1982); *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967). Third, the Sixth Circuit has repeatedly held that Ohio's *res judicata* doctrine is an adequate and independent state ground to procedurally bar claims asserted in federal habeas actions. *See, e.g.*, *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). The Sixth Circuit has also explained that "a federal habeas court sitting in review of a state-court judgment should not second guess a state court's decision concerning matters of state law[,]" *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001), unless the record reveals that the state court's reliance upon its own rules of procedural default is misplaced.

Moving to the fourth factor, Farmer must demonstrate that there was cause justifying his failure to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Farmer fails to establish any reason that justifies his failure to raise his *Brady* claim on direct appeal or any actual prejudice he will suffer if not allowed to pursue his *Brady* claim in his habeas

petition.

Farmer concedes that "the issue of the working order of the body camera was discussed" at trial, but "the issue regarding the recordings of the body camera was not and the recordings were never presented at trial." (Obj. at 1193.) Because the recordings were not presented or explicitly discussed at trial, Farmer contends that it was improper for the magistrate judge to find the issue is precluded by *res judicata*.

Farmer misunderstands the proper application of *res judicata*. It is true that the video recordings were not explicitly presented at trial, but whether the videos were presented at trial is not the key inquiry in determining whether the issue of the recordings should have been raised on direct appeal. The key factor in determining whether an issue is precluded by *res judicata* if not raised on direct appeal is whether the issue was *known* to the defendant at trial and *could have been* appealed. *See Cole*, 443 N.E.2d at 171 ("Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment or conviction, *or on an appeal* from that judgment." (quoting *Perry*, 226 N.E.2d at 108)).

The potentially damaged body cameras and lack of recordings were discussed at Farmer's trial. Farmer's own objections reveal that he knew at trial that the body camera videos were not provided to him and that no forensic evaluation was done to the body camera to determine if any recordings existed. (*See* Obj. at 1194–95 (conceding that the body camera's damage, the unavailability of the recordings, and lack of forensic analysis were all discussed at trial).) Farmer does not cite to any new information gained after trial regarding the body camera recordings. Thus,

he could have—and should have—filed a direct appeal regarding the body camera recordings. Further, this Court finds that Farmer has failed to provide any reason why there will be a fundamental miscarriage of justice if his *Brady* claim is not considered.[2]

Alternatively, Farmer argues that he diligently tried to appeal the alleged *Brady* violation, but the state-court system prevented him from a successful appeal attempt. Farmer points to a series of journal entries issued by the state trial court relating to Farmer's motion for resentencing. While the Court observes that this series of filings is confusing and perhaps out of the ordinary, Farmer's default on his *Brady* claim occurred before this series of filings and they have no effect on his failure to timely appeal the alleged *Brady* violation.

As such, Farmer's second ground for relief, asserting a *Brady* claim, is procedurally defaulted because he failed to raise the issue on direct appeal in the state court system. Because Farmer's *Brady* claim is procedurally defaulted this Court cannot evaluate the claim. Farmer's second claim for relief must be dismissed.

---

[2] Farmer contends the videos will show he did not attack his victim. However, Farmer does not give any reason to suggest the body camera recordings actually exist. Again, he did not raise this issue at trial, or on direct appeal, and has not provided any new information to suggest the body camera videos now exist. Nor has Farmer provided any new, reliable evidence to show that he is not guilty of the crimes for which he was convicted.

### 2. Ground Three: Due Process Violation at Sentencing

In his third ground for relief, Farmer contends that his sentence is unconstitutional in light of the Ohio Supreme Court's decision in *State v. Hand*, 840 N.E.2d 151 (Ohio 2006), because the state trial court used Farmer's juvenile record to extend his sentence beyond statutory minimums and to run his sentences consecutively. Farmer objects to the magistrate judge's finding that Farmer's third ground for relief is procedurally defaulted. (Obj. at 1198.) Farmer contends that the magistrate judge mischaracterized Farmer's third ground for relief as a state issue, which is non-cognizable in a federal habeas petition. (*Id.* at 1198–99.) Further, Farmer contends that the magistrate applied the wrong standard in determining that Farmer's third ground for relief was procedurally defaulted. (*Id.* at 1203.)

As an initial matter, the magistrate judge did not characterize Farmer's third ground for relief as a state issue so this objection by Farmer is completely without merit. The R&R states explicitly that the magistrate judge did not reach a conclusion as to whether Farmer's third ground for relief is a non-cognizable state claim. (R&R at 1180 & n.14 ([I]t is unnecessary to reach a conclusion on [the third claim's] cognizability.").)

To determine whether Farmer's due process claim is procedurally defaulted, the Court returns to the *Maupin* factors. Again, the first three *Maupin* factors are easily met. First, the Ohio Court of Appeals dismissed Farmer's appeal of his denied resentencing motion (asserting *Hand* as grounds for relief) because Farmer failed to file a praecipe. (*See supra* Subsection I.F. Motion for Resentencing.) Second, dismissal of Farmer's appeal reflected the state appellate court's imposition of a sanction for Farmer's failure to comply with a procedural rule: Local Appellate Rule 9(B). Third, "[f]ailure to comply with written procedural rules detailing the timing and filing of appellate documents has been adjudged a bar to federal habeas review when the rules of appellate procedure are well established and regularly followed, i.e., adequate and independent [s]tate procedural rules." *Marshall v. Brunsman*, No. 1:09cv259, 2011 WL 219925, at *3 (N.D. Ohio Jan. 21, 2011).[3]

Moving to the fourth factor, Farmer must demonstrate that there was cause justifying his failure to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Farmer fails to establish any reason that justifies his failure to follow Ohio's appellate procedures and file a timely praecipe of appeal. Farmer does not identify any reason external to the defense that caused his failure to file a praecipe. Further, this Court finds that Farmer has failed to provide any reason why there will be a fundamental miscarriage of justice if his due process claim is dismissed because Farmer has not provided any new, reliable evidence to show that he is not guilty of the crimes for which he was convicted.

---

[3] Farmer cites to four different Ohio state cases for the proposition that "technical rules of procedure should not be allowed to defeat an otherwise valid claim." (Obj. at 1203.) It is on this basis that Farmer contends the magistrate judge applied the wrong standard in finding Farmer's failure to file a praecipe and adhere to Ohio's appellate procedural rules amounted to a procedural default. However, the cases on which Farmer relies are cases reviewing administrative actions, not habeas actions, and are thus inapplicable and not comparable in this case.

As such, Farmer's third ground for relief, asserting a due process claim, is procedurally defaulted because he failed to file a praecipe in accordance with the state appellate rules. Because Farmer's due process claim is procedurally defaulted this Court cannot evaluate the claim. Farmer's third claim for relief must be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, Farmer's objections to the R&R are OVERRULED and the R&R is ACCEPTED. The petition for writ of habeas corpus is DENIED and this case is DISMISSED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).


**IT IS SO ORDERED**.


Dated: August 6, 2019

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**