# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE L. FARMER, | ) | CASE NO.  1:17-cv-860 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| WARDEN CHARMAIN BRACY, | ) | |
| | ) | |
| | ) | |
| RESPONDENT | ) | |

*Pro se* petitioner Bruce Farmer ("Farmer") began this action by filing a petition for *habeas corpus*, pursuant to 28 U.S.C. § 2254, to set aside his Ohio state convictions for aggravated robbery, assault, breaking and entering, disrupting public service, and resisting arrest. (Doc. No. 1 ["Pet."] at 1;[1] Doc. No. 5-1, Respondent's Bookmarked Appendix of State Court Record ["Rec."] at 61.) Now before the Court is Farmer's motion to reconsider or amend (Doc. No. 25, ["Mot."]) the Court's August 6, 2019 memorandum opinion and order dismissing his *habeas* petition (Doc. No. 23, ["MOO"]). Respondent has not opposed the motion and the time to do so has passed. For the reasons that follow, Farmer's motion to reconsider or amend is denied.

## I.    BACKGROUND

The complex and lengthy procedural history of this case can be found in the Court's memorandum opinion, familiarity with which is assumed. (*See generally* MOO at 1207–18.) Only the facts relevant to Farmer's current motion are repeated here.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

Farmer's petition for habeas corpus pursuant to 28 U.S.C. § 2254, raised three grounds for relief.

> **GROUND ONE:** Petitioner was convicted for offenses committed against a law enforcement officer without sufficient evidence to support said convictions as the alleged victim's employment did not render him a law enforcement officer.

> **GROUND TWO:** Petitioner was denied due process of the law under [the] Fourteenth Amendment to the U.S. Constitution when the State withheld or failed to provide video evidence from the body camera worn by the alleged victim or provide proper evaluation thereof when said evidence was critical to his defense.

> **GROUND THREE:** Petitioner's sentence was void due to constitutional violations as applied to the State of Ohio through the Ohio Supreme Court's decision in *State v. Hand*, [73 N.E.3d 448 (Ohio 2016)], where the use of [p]etitioner's juvenile record was used to extend his sentence beyond statutory minimums and to run his sentences consecutively.

(*Id*. at 1217.) The Court held that Ground 1 "lack[ed] any merit," (*id.* at 1222), Ground 2 was procedurally defaulted, (*id.* at 1226), and Ground 3 was procedurally barred because Farmer failed to file a praecipe with his notice of appeal, as required by the Ohio Eighth District Court Appeals Loc. R. App. 9(B), (*id.* at 1229). Accordingly, the Court denied Farmer's habeas petition. (*Id.* at 1229.) In his current motion for reconsideration, Farmer argues that the Court committed an error of law with respect to each of the three grounds for relief. (*See* Mot. at 1232–35 [Ground 1]; 1238–39 [Ground 2]; 1237–29 [Ground 3].)

## II.  LAW AND ANALYSIS

### A.  Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for reconsideration of a court's decisions and orders; however, a motion to reconsider may be treated as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617–18 (6th Cir. 2002). Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-cv-171, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007). Accordingly, a

2

Rule 59(e) motion to alter or amend may only be made for one of four reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; (3) it is necessary to correct a clear error of law; or (4) to prevent manifest injustice. *See Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted); *see also Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The proponent of the Rule 59(e) motion bears the burden of proof, and the decision to grant relief under the rule is within the sound discretion of the court. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *Keweenaw Bay Indian Cmty. v. United States*, 136 F.3d 469, 474 (6th Cir. 1998)). Farmer alleges that the Court made a clear error of law in denying all three grounds for relief in his *habeas* petition and, as such, asks the Court to reconsider. (*See generally* Mot.)

### B. Repetitive Arguments

As an initial matter, Farmer's motion for reconsideration is improper as it merely reargues the issues already addressed in the Court's memorandum opinion.

Rule 59(e) is not a vehicle to "re-argue a case," or present arguments that could have, and should have, been raised in connection with an earlier motion. *Sault Ste. Marie*, 146 F.3d at 374; *see also Cunningham v. Shoop*, No. 3:06-cv-167, 2020 WL 1694548, at *3 (N.D. Ohio Apr. 6, 2020); *Dew v. Kelly*, No. 4:11-cv-2486, 2020 WL 807086, at *1 (N.D. Ohio Feb. 15, 2020); *Lomax v. LaRose*, No. 1:13-cv-2801, 2018 WL 10550321, at *1 (N.D. Ohio Mar. 27, 2018); *Carlton v. Harris*, No. 5:17-cv-1400, 2018 WL 9811089, at *1 (N.D. Ohio Mar. 2, 2018); *Conner v. LaRose*, No. 1:15-cv-2722, 2017 WL 6767247, at *1 (N.D. Ohio Nov. 14, 2017); *Adams v. Robinson*, No. 1:05-cv-1886, 2013 WL 4648313, at *2 (N.D. Ohio Aug. 29, 2013). That is, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991); *Hughes v. Haviland*, No. 1:04-cv-593, 2007 WL 3376653, at *1 (N.D. Ohio Oct. 16, 2007). When a petitioner "'views the law in

a light contrary to that of this Court,' [his] 'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *Dana Corp.*, 764 F. Supp. at 489); *see also Spisak v. Coyle*, No. 1:95-cv-2675, 2003 WL 27386185, at *1–2 (N.D. Ohio July 29, 2003). All of Farmer's alleged errors have already been addressed by this Court.

### 1.      Ground 1

The Court did not commit an error of law in holding that Ground 1 of Farmer's petition—there was insufficient evidence to support the state court's finding that a railroad security officer was a law enforcement officer under Ohio law—lacked merit.

Farmer was convicted of Aggravated Robbery for attempting to "remove a deadly weapon from … a law enforcement officer[.]" *See* Ohio Rev. Code § 2911.01(B)(1). This required the State to show that the victim, a railroad security officer, fell within the statutory definition of a "law enforcement officer." (Mot. at 1232.) Farmer reasons that because neither the statutory definitions for "peace officer" nor for "law enforcement officer" expressly include "railroad security officer," the state court's finding that a railroad security officer was not a peace officer required the state court to find that a railroad security officer is also not a law enforcement officer. (*Id.* at 1232–33.) Farmer argues that, in holding that a railroad security officer was a law enforcement officer, "the State has blatantly misconstrued the law to [his] prejudice[]" and "[t]he State court, and this Court in agreement, simply inserted words into a statute where they did not exist to support unlawful convictions." (*Id.* at 1233.) Accordingly, Farmer contends, there was insufficient evidence to convict him of any crime committed against a law enforcement officer and he is actually innocent "of any crime against a law enforcement officer." (*Id.* at 1234.)

These are the same arguments Farmer presented in his objections to the magistrate judge's report and recommendation. (Doc. No. 22 ["Obj."].) There, Farmer argued "the improper insertion

of [the term] railroad officer in the definition of 'law enforcement officer' where it does not exist[]"
was a "glaring error" by the state court. (*Id.* at 1191.) He claimed the state court "inexplicably and
unfairly refused to dismiss" three of his convictions—all of which required the victim be a "law
enforcement officer"—when state court dismissed one of his convictions that required the victim
be a "peace officer." (*Id.* at 1191–92.) Farmer believed the state court's finding was  contradictory
because neither the statutory definition of "law enforcement officer" nor "peace officer" expressly
included a railroad security officer.  (*Id.*) Therefore, Farmer contended there was insufficient
evidence to prove the victim, a railroad security officer, was a "law enforcement officer" under the
statute, and he was "innocent of any offense involving a law enforcement officer where that status
is an element of the offense." (*Id.* at 1192.)

     Farmer also made these arguments in his traverse. (Doc. No. 19 ["Trav."].) There, Farmer
claimed "he is actually innocent of aggravated robbery of a law enforcement officer, as a railroad
officer is not included in the definition of law enforcement officer under Ohio law." (*Id.* at 1129;
*see also id.* at 1134, 1136.) He also argued "the courts' broad reading, the wringing of the statute,
and the incorporation of omitted statutes in the vain attempt to find a definition of a law
enforcement officer that is applicable to a railroad officer is improper." (*Id.* at 1137.)

     And he made these same arguments in his petition: "the evidence of those counts was
insufficient as it did not show that the alleged victim of the acts charged in those counts was a 'law
enforcement officer' as alleged in the indictment and as the term is defined in the [Ohio] revised
code." (Pet. at 2, emphasis removed.) "The alleged victim in the case was not a 'law enforcement
officer' under any applicable definition of the term. Petitioner's convictions violate the constitution
as there was insufficient evidence to support each and ever [sic] element of the offenses beyond a
reasonable doubt." (*Id.* at 4.)

     The Court fully addressed these arguments in its memorandum opinion:

Farmer seems to suggest in his objections that it was inconsistent for the state court to hold that there was *insufficient* evidence to define Farmer's victim as a peace officer, while also holding that there was *sufficient* evidence to define Farmer's victim as a law enforcement officer. However, "law enforcement officer" is defined in Ohio Rev. Code § 2901.01(A)(11), while "peace officer" is defined in a different section: Ohio Rev. Code § 2935.01(B). Because law enforcement officer and peace officer have different definitions, it is entirely possible, consistent, and reasonable to find Farmer's victim fits one definition, but not the other.

Further, on habeas review, this Court is "bound by state court interpretations of state criminal law except in extreme circumstances where it appears that the interpretation is an obvious subterfuge to evade consideration of a federal issue." *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993). This Court finds that the state court's decision to define law enforcement officer as encompassing Farmer's victim, a railroad security officer, is reasonable and was not made to evade consideration of any federal issue. Thus, the magistrate judge was correct to find that the federal court is bound by the state's interpretation of the state's own criminal definitions.

(MOO at 1221.) Therefore, this Court has already addressed Farmer's grievance related to the statutory definition of "law enforcement officer" and he has failed to show that the Court made a clear error of law with regard to its previous finding. Farmer's motion for reconsideration related to this argument is denied.

## 2.    Ground 2

The Court did not commit an error of law in holding that Ground 2 of Farmer's petition—an alleged due process violation related to the state's failure to provide body camera evidence—was procedurally barred.

In its memorandum opinion, the Court applied the factors found in *Maupin v. Smith*, 785 F.2d 135 (1986), to determine that Farmer's second ground for relief—based on *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)—was procedurally defaulted. Farmer takes issue with this finding, arguing he did not violate a firmly established Ohio procedural rule. He contends that Ohio law only allows direct appeal of an issue that was "present on the trial record." (Mot. at 1236.) But, he notes, the footage and forensic evaluation of the footage were not presented at trial. Therefore, they were not on the trial record, he could not have raised

the issues on direct appeal, thus his *Brady* claim is not barred by *res judicata*. (*Id.* 1237.) Farmer argues "[t]he Court … erroneously found 'whether the videos were presented at trial is not the key inquiry in determining whether the issue of the recordings should have been raised on direct appeal.'" (*Id.* at 1236, quoting MOO at 1225.) As he did not violate a state procedural rule, he claims the Court committed an error of law under part one of the *Maupin* test. (*Id.*) And because Ohio courts do not regularly apply *res judicata* to bar evidence that was not present on the trial record, the Court committed an error of law in finding part two of the *Maupin* test was satisfied. (*Id.* at 1237.)

Farmer already made these arguments in his objection to the magistrate judge's report and recommendation. There, Farmer argued that "[w]hile the issue of the working order of the body camera was discussed … the issue regarding the recordings of the body camera was not and the recordings at issue were never presented at trial." (Obj. at 1193.) He claimed "[t]he Ohio Supreme Court has held that every aspect of the issue must have been presented at trial in order for the issue to be properly addressed on direct appeal, and when this does not occur, a postconviction petition is the remedy." (*Id.* at 1193.) Farmer concluded that because "the recordings from the body camera … were never provided at trial, the recordings could not have been an issue on direct appeal[,]" (*id.* at 1194), and because "no forensic evaluation of the body camera or the recordings from the device were ever presented at trial, the application of *res judicata* was improper[.]" (*id.* at 1195.)

He also made these arguments in his traverse. There he claimed "the issue could not have been brought up on direct appeal, as the issue involved the failure to obtain or investigate the existence of the recording(s) from the body camera that was worn by the alleged victim … that were de hors [sic] the record." (Trav. at 1125.) "The recordings and statements in question were never presented at trial and were, therefore, not part of the trial record." (*Id.*) "[I]t would be

impossible to have brought the issue up on direct appeal, as it is a well known legal axiom that issues related to evidence *de hors* the trial record are not cognizable on a direct appeal." (*Id.*)

The Court addressed these arguments in its memorandum opinion:

Here, the first three *Maupin* factors are easily met. First, the Ohio Court of Appeals applied the doctrine of *res judicata* to determine that Farmer was barred from raising his *Brady* claim in post-conviction proceedings. Second, the doctrine of *res judicata* is regularly applied by Ohio courts to preclude a defendant from raising a claim that was previously fully litigated or that could have been fully litigated at trial or on direct appeal. *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *see also State v. Cole*, 443 N.E.2d 169, 170–71 (Ohio 1982); *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967). Third, the Sixth Circuit has repeatedly held that Ohio's *res judicata* doctrine is an adequate and independent state ground to procedurally bar claims asserted in federal habeas actions. *See, e.g., Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). The Sixth Circuit has also explained that "a federal habeas court sitting in review of a state-court judgment should not second guess a state court's decision concerning matters of state law[,]" *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001), unless the record reveals that the state court's reliance upon its own rules of procedural default is misplaced.

        ***

Farmer misunderstands the proper application of *res judicata*. It is true that the video recordings were not explicitly presented at trial, but whether the videos were presented at trial is not the key inquiry in determining whether the issue of the recordings should have been raised on direct appeal. The key factor in determining whether an issue is precluded by *res judicata* if not raised on direct appeal is whether the issue *was known* to the defendant at trial and *could have been* appealed. *See Cole*, 443 N.E.2d at 171 ("Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment or conviction, *or on an appeal* from that judgment." (quoting *Perry*, 226 N.E.2d at 108)).

The potentially damaged body cameras and lack of recordings were discussed at Farmer's trial. Farmer's own objections reveal that he knew at trial that the body camera videos were not provided to him and that no forensic evaluation was done to the body camera to determine if any recordings existed. (*See* Obj. at 1194–95 (conceding that the body camera's damage, the unavailability of the recordings, and lack of forensic analysis were all discussed at trial).) Farmer does not cite to any new information gained after trial regarding the body camera recordings. Thus, he could have—and should have—filed a direct appeal regarding the body camera recordings.

(MOO at 1224–26.)

As to the fourth part of the *Maupin* test, Farmer argues there was cause for his failure to raise his Brady claim on direct appeal because the trial court committed an error by filing two different journal entries denying his motion from the same proceeding. (Mot. at 1238–39.) The double entries required him to ask the court which one was the final appealable order before he could file the direct appeal, causing the delay. (*Id.* at 1239.)

Again, Farmer merely repeats the arguments he made in his objection to the magistrate judge's report and recommendation. There, he argued that he:

> did not fail to comply with a procedural rule, as he has shown that he sought clarification of the 'confusion' related to the two orders as soon as he received the second judgment from the same filing; state courts cannot enforce a procedural rule to the prejudice of the [p]etitioner when the court is the source of the error; and the claimed procedural error cannot be considered adequate and independent when [p]etitioner was not at fault for the error and the procedure herein was certainly not 'regularly followed.'

(Obj. at 1196.) And he claimed that:

> [t]he errors at issue causing the inability to properly appeal this issue to the Ohio Supreme Court are also not the fault of [p]etitioner and he should not be penalized for the same. The confusion from the varying filings of the trial court and the improper handling of the appeal by the reviewing court would surely constitute cause for [p]etitioner being unable to perfect an appeal to the Ohio Supreme Court and cannot be found adequate or sufficient or regularly followed to bar [p]etitioner procedurally as required by *Maupin* … as the procedure that [p]etitioner was forced to follow was a web of confusion and not the regular procedural path of an appeal.

(*Id.* at 1198.)

And Farmer made these same arguments in his traverse:

> The unusual, desultory actions by the trial court in filing two differing judgment entries and the extreme delay of eleven (11) days in the filing of the appeal by the clerk that was unrelated to [p]etitioner cannot be considered as those regularly followed by procedure in Ohio and would certainly not qualify as such under *Maupin*[.]

(Trav. at 1127.)

9

The Court has already addressed this argument: "While the Court observes that this series of filings is confusing and perhaps out of the ordinary, Farmer's default on his *Brady* claim occurred before this series of filings and they have no effect on his failure to timely appeal the alleged *Brady* violation." (MOO at 1226.) And the Court found "Farmer fails to establish any reason that justifies his failure to raise his *Brady* claim on direct appeal." (*Id.* at 1224.) Therefore, Farmer has already brought this issue before this Court and he is not permitted to, through a motion for reconsideration, relitigate his alleged *Brady* claim. As such, Farmer has failed to show that the Court committed an error of law in holding that Ground 2 was procedurally barred.

### C.  Ground 3

The Court did not commit a clear error of law in holding that Farmer's third ground for relief—in which he argues that the state trial court improperly considered his juvenile record during sentencing—was procedurally barred.

Farmer contends that the Ohio court of appeals should not have dismissed his appeal simply because he failed to include a praecipe with his notice of appeal. Farmer argues that dismissal was improper because "[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds." (*Id.* at 1238.) But, again, Farmer has already presented this argument. In his objections to the R&R, Farmer stated "[t]he Rules of Appellate Procedure are meant to provide a framework for the orderly disposition of appeals … [and] only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds." (Obj. at 1203–04.) The Court addressed this issue in its *Maupin* analysis, stating "[f]ailure to comply with written procedural rules detailing the timing and filing of appellate documents has been adjudged a bar to federal habeas review when the rules of appellate procedure are well established and regularly followed, i.e., adequate and independent [s]tate procedural rules." (MOO at 1228; quoting *Marshal v. Brunsman*, No. 1:09-cv-259, 2011 WL 219925, at *3 (N.D. Ohio Jan. 21, 2011). Because a motion

for reconsideration may not be used as a vehicle to re-argue a case, Farmer's allegations in Ground 3—and indeed in all three grounds—are improper.

Further, Farmer does not present any evidence to contradict the Court's finding that the Ohio court of appeals' rule requiring a praecipe is not firmly established and regularly followed, *i.e.*, an adequate and independent state ground. Instead, Farmer simply asserts that his appeal should not have been dismissed because his failure to include a praecipe was not "flagrant, [or a] substantial disregard for the court rules…." (Mot. at 1238.) For this, Farmer relies on *DeHart v. Aetna Life Ins. Co.*, 431 N.E.2d 644 (Ohio 1982). But his reliance is misplaced.

In *DeHart*, appellant's counsel filed a praecipe but "mistakenly marked that part of the praecipe which signaled to the court of appeals that a transcript of proceedings would be forthcoming." *Id.* at 646. When the court failed to receive the transcript, it triggered "automatic dismissal…." *Id.* The *DeHart* court then listed several factors evidencing an abuse of discretion when a court dismisses a case based on a party's violation of local rules. These *DeHart* factors "apply to situations where a … court has dismissed a case for 'minor, technical, correctable, inadvertent' violations of local rules." *Pivarki v. Hissong-Kenworth, Inc.*, No. 19454, 1999 WL 1140878, at 1 (Ohio Ct. App. Dec. 1, 1999) (quoting *DeHart* 431 N.E.2d at 647).

However, Farmer did not simply check the wrong box, he failed to file a praecipe altogether. And courts have held that failure to file necessary documents may constitute "'a flagrant, substantial disregard for court rules' [such that] the *DeHart* factors do not apply." *Id.* (quoting *Humphrey v. Ohio Water Parks, Inc.*, 646 N.E.2d 908 (Ohio Ct. App. 1994)); *see also Jones v. Bunting*, 3:12-cv-1034, 2014 WL 4956176, at *10 (N.D. Ohio Sept. 30, 2014) (holding that petitioner's failure to file a copy of the court of appeals' opinion or judgment entry, which violated Ohio Supreme Court Rules of Practice, was an adequate and independent procedural rule that was grounds for default); *Grant v. Sheldon*, No. 1:11-cv-942, 2012 WL 3495387, at *11 (N.D.

Ohio Jan. 11 2012), *affirmed and adopted*, *Grant v. Sheldon*, No. 1:11-cv-942, 2012 WL 3494194, at *2 (N.D. Ohio Aug. 15, 2012) (dismissal of petitioner's delayed appeal for failure to file a memorandum in support, constitutes a procedural ruling that bars federal review on the merits); *Stojetz v. Ishee*, 389 F. Supp. 2d 858, 886 (S.D. Ohio 2005) (petitioner's failure to file an appellate brief was an adequate and independent ground for dismissal because "the Ohio Rules of Appellate Procedure[] are stated in unmistakable language, are consistently enforced, and … serve the state's interest in finality and judicial economy by ensuring that postconviction appeals are adjudicated in a timely and orderly fashion).

So, unlike *DeHart*, Farmer did not merely check an incorrect box or make a minor typographical error. He failed to file a necessary document intended to provide the Ohio court of appeals with essential information about the case. The importance of filing a praecipe is clearly conveyed to potential appellants in Local App. R. 10, which states, in relevant part, "[i]t is the duty of the appellant to … file a praecipe and docketing statement as provided in Loc. App. R. 9…. If the appellant fails to timely perform th[is] dut[y], then the court may, without prior notice, dismiss the appeal for failure to prosecute." Ohio Eighth Dist. Ct. App. Local Rule 10. Notwithstanding this clear directive, Farmer failed to file a praecipe and has repeatedly asserted his belief that a praecipe was "unneeded and irrelevant" in his case. (Mot. at 1237; *see also* Obj. at 1202–03, "there w[as] … no reason to file a praecipe…."). Farmer's error—in failing to file an important document in accordance with the local rules—was neither hyper-technical nor clerical in nature. Such a flagrant and substantial disregard for the court rules constitutes an adequate and independent state ground on which the state can rely to foreclose review. *See Maupin*, 785 F.2d at 138. As such, the Court did not commit an error of law in finding that Farmer's ground three was procedurally barred.

III.    CONCLUSION

Farmer has failed to show the Court committed any error of law in denying his petition for *habeas corpus*. Therefore, there is no basis for this Court to reconsider its August 6, 2019 order, and, accordingly, the motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: September 8, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**